Corporation counsel, for city.

Kramer & Kramer, for Fleischman Estate.

---

(Superior Court of Cincinnati.)
Special Term 1901.

JULIUS A. BEISER v. THE GREVER & TWAITE COMPANY.

An injunction will lie against the operation of a drop hammer and the maintenance and operation of a blow pipe or smoke stack in a manufacturing plant, at the suit of a property owner in the vicinity whose house and household goods are injured thereby.

In such case damages will not be allowed plaintiff for depreciation of the household goods where there is no standard by which to equitably measure the damage arising directly from defendant's acts.,

DEMPSEY, J.

This is one of those cases which often arise in manufacturing cities, where the rights of dwellers and the rights of manufacturers come into conflict, and where the court in adjusting these conflicting rights, is bound to inflict some hardship on one or the other of the contending parties. The action is one for an injunction, which plaintiff seeks against defendant, to prevent its operation of its manufacturing plant on Jackson street in this city, because, in the conduct of such plant plaintiff is injured in the reasonable and comfortable enjoyment of his homestead adjoining such plant.

The principles governing this class of cases were settled by the General Term of this court in Shaw & Mears v. the Queen City Forging Co., 7 N. P., 254; and as the facts of the case at bar are pretty clear to my mind,

all that is left to me is to apply those principles. I was in hopes that the parties to the case at bar could adjust their dispute amicably, but it seems that that could not be accomplished. As to the general operation of the plant, very little can be said against it, but the evidence is clear that the defendant has in operation and uses two instrumentalities that call for the interfering hand of the court.

The first is the drop hammer, or stamp press, that is located on the north side of its shop, close to the north wall, and adjoining plaintiff's premises. There is no doubt in my mind that this hammer, or press, operated as it was up to the time of the trial, was, and, if the like operation is continued, is, a source of danger and injury to plaintiff's premises, and a means of annoyance to and interference with plaintiff and his family in the reasonably comfortable enjoyment of their home.

The vibration of the earth, when the die comes into contact with the base of the press, continued as it is all day long and from day to day ,can not but have a baleful effect upon plaintiff's house, as was evident to the court from the shaking and motion thereof while this press was in motion at the time of the court's inspection; while the noise, or thud, that emanates from the press, every time it is called into action, which is said to be as often as once a minute, whether said noise arises from the impact of the die and base, or from the rebound of the die away from the base, is certainly most wearing on people compelled to live near it, and is a substantial interference with plaintiff's enjoyment of his home.

The second instrumentality that calls for attention is the blow pipe, as it is called, or smoke stack, for carrying away the smoke and cinders. Defendant practically admitted that situated and operated as it was at the time of trial, it was a nuisance to plaintiff, in that it carried any quantity of soot, cinders and fine dust into plaintiff's house and premises.

On the issues made, the plaintiff may take a finding of facts as to the stamp press and blow pipe, as herein indicated, and a perpetual injunction against the further operation of the press, and the further maintenance and operation of the blow pipe as it was maintained and operated at the time of the hearing.

On the question of damages, the court must find for the defendant, because of the impossibility of fixing, in the court's notion, any standard by which to equitably measure the damage arising directly from the defendant's acts. The personal property and household goods of plaintiff were constantly in use, and the court is utterly unable to discriminate between the depreciation in value caused by plaintiff's own wear and tear, that to be attributed to the general dust, dirt and smoke of a manufacturing city, and that specifically caused by the dirt from defendant's blow pipe.

The defendant company has a large and expensive plant at stake in this case; if there be any way in which the defects in the press, which give rise to plaintiff's complaint can be remedied, I think opportunity should be afforded it; but that under the peculiar facts of this case, I am afraid, is a matter for counsel to agree upon. I am inclined to the opinion that, inasmuch as the injunction is not to run against the whole plant, but only against two specific parts thereof, no grace can be allowed, but defendant must set about at once to remedy the defects in the press aforesaid.

Decree and judgment as above indicated.

Fred. Hertenstein for plaintiff.

Thos. H. Kelley contra.